# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JENNIFER SYLVESTER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>    Defendant. | Case No. 3:25-cv-00469 |
| JASON PEFFLEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>    Defendant. | Case No. 3:25-cv-00482 |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs in the above-captioned actions ("Plaintiffs") respectfully request that the Court (1) consolidate the related actions set forth below ("Related Actions"), as well as any other future-filed or transferred actions arising under the same event; (2) appoint J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as interim lead counsel for Plaintiffs; and (3) set a schedule for Plaintiffs to file a consolidated complaint for Defendant's responsive pleading deadline thereto. Defendant does not oppose requested consolidation and takes no position on the requested leadership appointment.[1]

---

[1] A proposed order granting the relief requested herein is attached as **Exhibit A** hereto.

## I. INTRODUCTION

Defendant is a Missouri limited liability company with its headquarters and principal place of business in Brentwood, Tennessee, that provides products and services to help individuals with mobility limitations. *See Sylvester* Compl. As such, Defendant receives and maintains the Private Information of hundreds of thousands of its current and former customers' data. *Id.*

The Related Actions arise out of a cyberattack that occurred between September 2, 2024, and November 18, 2024, where an unauthorized cybercriminal was able to obtain access to Defendant's Systems and obtain Plaintiffs' and putative Class Members' Private Information, including names, dates of birth, Social Security numbers, medical equipment information, medical treatment and diagnosis information, and health insurance information. *Id.* Plaintiffs allege that Defendant did not begin notifying individuals about the Data Breach until about March 11, 2025. *Id.* Plaintiffs allege the criminals were able to gain access as a result of Defendant's failures to implement and follow reasonable and industry standard security procedures. *Id.*

Plaintiff Jennifer Sylvester filed her Class Action Complaint on March 24, 2025, in Williamson County Chancery Court, seeking to hold Defendant liable for its disclosure of personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") belonging to Plaintiff and approximately 494,326 of Defendant's current and former customers. On April 25, 2025, Defendant removed the case to the Middle District of Tennessee based on diversity jurisdiction. There are now two Related Actions, including this action, pending in this District, each arising from same Data Breach and operative facts and asserting substantially identical claims on behalf of overlapping putative classes, thus making consolidation appropriate. Along with this action, the following Related Action was removed to

this District: *Peffley v. United Seating and Mobility, LLC d/b/a Numotion*, No. 3:25-cv-00482.[2] Plaintiffs now move for consolidation and the appointment of interim lead counsel to streamline the efficient prosecution of this litigation.

## II. ARGUMENT

### A. The Court Should Consolidate the Related Actions.

The Court should consolidate the Related Actions because they present the same questions of law and fact. Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether cases involving common factual and legal issues should be consolidated for trial is a matter within the discretion of the trial court." *Hiley v. CorrectCare Integrated Health, Inc.*, 2023 WL 2167376, at *2 (E.D. Ky. Feb. 22, 2023). If the court determines that common questions of law or fact exist, the court must also consider (1) whether any prejudice or confusion are outweighed by risks of inconsistent determinations of those common questions; (2) the burdens that litigating multiple cases my place on litigants, witnesses, and the judicial system, including the time required to resolve multiple suits; and (3) the expense to all parties of litigating a single action versus multiple disparate cases. *Id.*

Here, common questions of law and fact predominate over the two cases. Indeed, these cases are virtually identical in that they challenge the same alleged conduct and failures by Defendant, and they concern the same underlying data security incident. Moreover, as is evidenced by Defendant's consent to consolidation, consolidation will provide no prejudice to any party. Further, any prejudice is nevertheless minimal given that all cases remain in the early stages of

---

[2] Four cases were filed in the District of Connecticut and will be stayed in favor the Related Actions here.

litigation, with both complaints being filed in March of 2025 and removed to this District in April of 2025. Moreover, given that all Parties consent to, or prefer, consolidation, there is no need to incur the added expense of duplicate discovery and motion practice, which would only serve to waste time, monetary resources, and judicial resources without adding any benefit to the proposed class. Lastly, if all cases proceed to a trial, the Parties risk disparate factual findings of the same questions and potentially inconsistent liability rulings.

For these reasons, consolidation of these two cases into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

### B. The Court Should Appoint J. Gerard Stranch, IV as Interim Lead Counsel.

The Federal Rules of Civil Procedure authorize the Court to designate interim lead counsel before the class is certified. Fed. R. Civ. P. 23(g)(3). Appointing lead counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation* (4th) § 21.11.

In appointing class counsel, the court considers "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. Rule 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule 23(g)(1)(B). Each factor supports the appointment of Mr. Stranch as interim lead.

### 1. The Proposed Leadership Structure

In cases like this one, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. *Manual for Complex Litigation* (4th ed.) § 21.11. This clarity is particularly important in a case, such as this one, where many tens of thousands of class members likely have been impacted by the alleged conduct and where numerous cases have been and will continue to be filed.

Plaintiffs hereby respectfully move to appoint J. Gerard Stranch, IV as Interim Lead Class Counsel. Mr. Stranch is qualified to lead the consolidated litigation on behalf of the class. Moreover, Mr. Stranch was appointed interim lead counsel in another data breach class action against Defendant for an earlier data breach, which puts him in a unique position to understand the case here and lead the proposed class. *In re Numotion Data Incident Litig.* (Numotion I), No. 3:24-cv-00545 (M.D. Tenn.), at ECF No. 20. Mr. Stranch is one of the nation's leading class action and data breach attorneys, and should be appointed for at least the following reasons:

1) Mr. Stranch diligently investigated this matter and is committed to devoting substantial but appropriate time and resources to prosecuting this case;

2) Mr. Stranch has substantial experience to effectively lead this litigation in an efficient and professional manner on behalf of the proposed Class;

3) Mr. Stranch's knowledge of the applicable law is unsurpassed; and

4) Mr. Stranch has the resources needed to advance this litigation and adequately represent the class.

### 2. Mr. Stranch Performed Substantial Work Investigating This Action

Mr. Stranch has committed substantial, yet appropriate, resources and time to organizing and advancing this litigation, including conducting investigations and research regarding the

potential legal theories and claims as well as the factual investigation and research surrounding the Data Breach. Prior to filing the Related Actions, Mr. Stranch investigated the Data Breach and Class Members' experiences concerning the exposure of their Private Information, researched relevant laws, prepared detailed class action complaints, and coordinated and strategized with each other. Moreover, Mr. Stranch continues to perform substantial work that has provided, and will continue to provide, value to the class as the case proceeds. This includes, but is not limited to, (1) reviewing reports concerning the Data Breach; (2) communicating with potential class members; (3) investigating the scope of the Data Breach and Numotion's public statements regarding the Data Breach; (4) researching potential claims arising from the Data Breach and defenses thereto; and (5) preparing the pleadings. Furthermore, because Mr. Stranch is interim lead class counsel in *Numotion I*, he has already coordinated with opposing counsel to pursue mediation as part of the *Numotion I* mediation that will occur in June 2025.

Mr. Stranch is familiar with the facts and legal issues involved in this case and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed Class. Mr. Stranch conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources necessary to advance the claims of Plaintiffs and the Class.

### 3. Proposed Interim Counsel is Experienced in Leading and Resolving Data Privacy Class Actions

Mr. Stranch has significant experience in successful litigation and resolving numerous data privacy cases and other complex class action litigation. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in and knowledge of, the applicable law in

this field"); *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

**J. Gerard Stranch, IV of Stranch, Jennings and Garvey, PLLC**[3]

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, No. 13-md-02419 (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388 (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial.

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott*

---

[3] Stranch Jennings and Garvey, PLLC's firm resume is attached as **Exhibit B.**

*Labs.*, No. 2322-CC01251 (Mo. Cir. Ct.).

Mr. Stranch, moreover, has deep experience representing consumers in class action litigation, especially in privacy cases. Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach and other privacy class actions specifically because he has litigated these matters in courts across the country. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-319 (E.D. Ky.), negotiating a 6.49 million dollar settlement. In *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta.

Indeed, these are a small fraction of the hundreds of privacy class actions that Mr. Stranch has litigated. *See, e.g.*, *Martinez et al. v. Presbyterian Healthcare Servs.*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc.*

*et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.); *Black v. Smith Transp., Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.) (final approval pending); *K.B. E. Tenn. Children's Hosp. Ass'n*, No. C2LA0081 (Tenn. Cir. Ct.); *Henck v. Squirrel Hill Health Ctr.*, No. GD-21-014637 (Pa. Ct. Comm. Pls.); *Edwards v. Concord Music Grp.*, No. 24C2675 (Tenn. Cir. Ct.); *Bauer v. BJC Health Sys.*, No. 2022-CC-09492 (Mo. Cir. Ct.); *Castaneda v. Ardagh Glass, Inc.*, No. 1:23-cv-02214 (S.D. Ind.); *O'Neal v. Quaker Window Prods.*, No. 24OS-CC-00002 (Mo. Cir. Ct.).

Given Mr. Stranch's deep experience in data breach class actions, he is more than qualified to represent the Class here.

### 4. Mr. Stranch is Familiar with the Applicable Law

As is evident by the volume of experience in data breach litigation, Mr. Stranch possess extensive knowledge of the applicable facts and law concerning consumer privacy class actions, including the facts of this case. They bring a depth of experience litigating data privacy cases, including conducting discovery of information security offices as well as technical and damages witnesses and experts. Further, Mr. Stranch is proficient and skillful in researching and briefing essentially every aspect of data privacy class action cases. Their litigation history and experience,

in this case and in similar cases, allows them to efficiently handle pivotal litigations issues, including class member identification and damages.

### 5. Proposed Interim Counsel Are Committed to Representing and Advancing the Interests of the Class

Mr. Stranch is willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiff in this case. Stranch, Jennings & Garvey, PLLC, is well capitalized and have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. Mr. Stranch is willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial.

Mr. Stranch has a proven track-record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. Mr. Stranch has already demonstrated his commitment to this litigation by devoting substantial resources to this litigation and negotiating with opposing counsel to include this action in the *Numotion I* mediation.

As this Court is undoubtedly aware, there is no way to know how much time it could take to pursue this case to completion. There may be motion practice, defenses raised under Fed. R. Civ. P. 12, discovery disputes, class certification, expert witness testimony, and summary judgment. It could be years before the case is ready for trial. Mr. Stranch has settled many cases with positive resolutions relatively early in the case but has also shown a willingness to litigate cases all the way through trial and the appellate process when it is in the best interest of his clients.

Thus, he has the experience and resources to handle any procedural scenario presented in this case, up through a jury trial and appeals.

Mr. Stranch also has the support of hardworking teams, whose biographies are highlighted in the attached firm resume. These teams have dedicated and will continue to dedicate the resources to prosecute this case with the care the putative class deserves. He will have available the financial and personnel resources necessary to prosecute this case and possess the time and capacity to commit to actively leading this case.

In sum, Mr. Stranch is committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution and have already made significant investments of resources and time into the prosecution of these claims. He was able to cooperate with counsel in the Related Actions and agree to merge the separate actions into a single consolidated action. It is likely that additional related actions may be filed, and the appointment of Plaintiffs' proposed class leadership structure will clarify the roles and responsibilities of counsel on behalf of the class, while avoiding duplicative and unnecessary litigation that could result in inefficiencies for the Court and the Parties.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order consolidating the above actions and appointing J. Gerard Stranch, IV as Interim Lead Counsel, pursuant to Fed. R. Civ. P. 23(g). Moreover, Plaintiffs request the following schedule:

1. Plaintiffs to have 30 days from consolidation to file a consolidated complaint.
2. Defendant to have 60 days to answer or otherwise respond.

3. If Defendant files a motion to dismiss, Plaintiffs shall have 30 days to respond, and Defendant shall have 21 days to reply.

Dated: May 19, 2025

/s/ J. Gerard Stranch, IV
J. Gerard Stanch, IV (BPR 23045)
Grayson Wells (BPR 039658)
Miles M. Schiller (BPR 041531)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mschiller@stranchlaw.com

Jeff Ostrow*
Kenneth J. Grunfeld*
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com
grunfeld@kolawyers.com

*Pro Hac Vice forthcoming*

*Counsel for Plaintiff and the Putative Class*